IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALPHONSO RAMON CLARK,

          Plaintiff,               No. 2:13-cv-0413-EFB P

     vs.

CHRIS CHAPPA, et al.,

          Defendants.         <u>ORDER</u>

_____/

      Plaintiff commenced this action while confined to a county jail and is proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  He has paid the filing fee.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

      A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short

and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129

S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked

assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*,

129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility.

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

*Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In plaintiff's March 12, 2013 amended complaint, which supercedes the original

complaint, he alleges that the Program Director of his conditional release program did not

present the court with plaintiff's request "to be fully restored to sanity."  ECF No. 4, § IV.  He

also alleges that his attorney had the opportunity to correct this error but failed to do so.  *Id.*

As a result, plaintiff claims he was re-hospitalized.  *Id.*  Plaintiff seeks damages.  *Id.* § V.  On

July 12, 2013, plaintiff notified the court that he is now confined to the Napa State Hospital.

ECF No. 5.

/////

1    Plaintiff's complaint does not identify any claims for relief, but appears to concern

2    California's conditional release program.  The program provides that a person found not guilty

3    by reason of insanity may apply for release on the ground that his sanity has been restored.

4    *Hartman v. Summers*, 878 F. Supp. 1335, 1339 (C.D. Cal. 1995) (explaining that the acquittee is

5    entitled to a trial to determine restoration to sanity if the community program director opines that

6    the acquittee is no longer dangerous due to mental defect).  If the acquittee remains both

7    dangerous and mentally ill, the state can continue to confine him for the term of imprisonment

8    that could have been imposed for the offense of which the person was convicted.  *Id.* at 1340.

9    In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) the violation

10   of a federal constitutional or statutory right; and (2) that the violation was committed by a person

11   acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*

12   *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil

13   rights claim unless the facts establish the defendant's personal involvement in the constitutional

14   deprivation or a causal connection between the defendant's wrongful conduct and the alleged

15   constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v.*

16   *Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

17   To the extent plaintiff is actually challenging the fact of his present confinement, he must

18   proceed though a petition for a writ of habeas corpus, as opposed to this civil rights action.

19   While civil rights actions filed pursuant to section 1983 are appropriate for challenges to the

20   *conditions* of confinement, challenges in federal court to the *fact or the length of* confinement

21   generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

22   *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

23   Here, plaintiff fails to allege a violation of a federal constitutional or statutory right.  He

24   also fails to allege that any violation was committed by a person acting under the color of state

25   law.  Moreover, plaintiff does not allege that he is no longer dangerous or mentally ill, and it is

26   not clear from his allegations the wrong for which he seeks damages.  In short, plaintiff's

1   allegations are too vague and conclusory to state a cognizable claim for relief under section

2   1983.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

3   notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev.*

4   *Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of

5   particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because

6   plaintiff fails to state a claim for relief, the complaint must be dismissed.

7          Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

8   cognizable legal theory against a proper defendant and sufficient facts in support of that

9   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

10  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

11  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

12  shall clearly set forth the claims and allegations against each defendant.  Any amended

13  complaint must cure the deficiencies identified above and also adhere to the following

14  requirements:

15         Any amended complaint must identify as a defendant only persons who personally

16  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

17  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

18  constitutional right if he does an act, participates in another's act or omits to perform an act he is

19  legally required to do that causes the alleged deprivation).   It must also contain a caption

20  including the names of all defendants.  Fed. R. Civ. P. 10(a).

21         Any amended complaint must be written or typed so that it so that it is complete in itself

22  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

23  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

24  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

25  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

26  /////

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

Accordingly, IT IS ORDERED that plaintiff's complaint is dismissed with leave to amend, and plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order may result in this action being dismissed.

Dated: August 13, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE