UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO RAMON CLARK,<br><br>Plaintiff,<br><br>v.<br><br>CHRIS CHAPPA, et al.,<br><br>Defendants. | No. 2:13-cv-0413-EFB P<br><br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM |

Plaintiff commenced this action while confined to a county jail and is proceeding pro se with this civil rights action under 42 U.S.C. § 1983.[1] He has paid the filing fee. After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

I.  **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] On July 12, 2013, plaintiff notified the court that he is now confined to the Napa State Hospital. ECF No. 5.

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).

3      A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)
4  of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and
5  plain statement of the claim showing that the pleader is entitled to relief, in order to give the
6  defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*
7  *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).
8  While the complaint must comply with the "short and plaint statement" requirements of Rule 8,
9  its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S.
10 Ct. 1937, 1949 (2009).

11     To avoid dismissal for failure to state a claim a complaint must contain more than "naked
12 assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of
13 action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of
14 a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*,
15 129 S. Ct. at 1949.

16     Furthermore, a claim upon which the court can grant relief must have facial plausibility.
17 *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual
18 content that allows the court to draw the reasonable inference that the defendant is liable for the
19 misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a
20 claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*
21 *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to
22 the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23 **II.    Screening Order**

24     In the previous complaint, plaintiff alleged that the Program Director of his conditional
25 release program did not present the court with plaintiff's request "to be fully restored to sanity."
26 ECF No. 4, § IV. He also alleged that his attorney had the opportunity to correct this error but
27 failed to do so. *Id.* As a result, plaintiff claimed he was re-hospitalized. *Id.*
28 /////

1   The court dismissed plaintiff's complaint for failure to state a claim, with leave to amend.
2   ECF No. 7.  The court noted that the complaint did not identify any claims for relief, but appeared
3   to concern California's conditional release program.  That program provides that a person found
4   not guilty by reason of insanity may apply for release on the ground that his sanity has been
5   restored.  *Hartman v. Summers*, 878 F. Supp. 1335, 1339 (C.D. Cal. 1995) (explaining that the
6   acquittee is entitled to a trial to determine restoration to sanity if the community program director
7   opines that the acquittee is no longer dangerous due to mental defect).   If the acquittee remains
8   both dangerous and mentally ill, the state can continue to confine him for the term of
9   imprisonment that could have been imposed for the offense of which the person was convicted.
10  *Id.* at 1340.

11  The court informed plaintiff that to state a claim under 42 U.S.C. § 1983, he must allege:
12  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was
13  committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48
14  (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not
15  liable on a civil rights claim unless the facts establish the defendant's personal involvement in the
16  constitutional deprivation or a causal connection between the defendant's wrongful conduct and
17  the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);
18  *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

19  The court also noted that plaintiff may be improperly attempting to challenge the fact that
20  he is confined through a section 1983 action:

> To the extent plaintiff is actually challenging the fact of his present confinement, he must proceed though a petition for a writ of habeas corpus, as opposed to this civil rights action.  While civil rights actions filed pursuant to section 1983 are appropriate for challenges to the conditions of confinement, challenges in federal court to the fact or the length of confinement generally must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

26  ECF No. 7.  In addition, the court noted that plaintiff had failed to allege a violation of a
27  federal constitutional or statutory right.  The court also pointed out that:
28

3

> [Plaintiff] fails to allege that any violation was committed by a person acting under the color of state law. Moreover, plaintiff does not allege that he is no longer dangerous or mentally ill, and it is not clear from his allegations the wrong for which he seeks damages. In short, plaintiff's allegations are too vague and conclusory to state a cognizable claim for relief under section 1983.

ECF No. 7.

Plaintiff fails to cure these deficiencies in his amended complaint. Once again, he fails to identify a federal claim for relief. While he now alleges that the director of his conditional release program was acting "under color of state law," he does identify any specific federal constitutional or statutory right. Rather, he claims that defendant violated section 1026.5 of the California Penal Code by failing to give plaintiff notice that his "outpatient status" would not be renewed, and by failing to take plaintiff to court for a restoration of sanity hearing. However, the alleged violation of state law cannot support a claim for relief under section 1983. And once again, the allegations are too vague and conclusory to state a cognizable claim for relief under section 1983.

Despite notice and an opportunity to amend, plaintiff has again failed to state a cognizable claim for relief and his amended complaint must be dismissed. The court finds that granting plaintiff further leave to amend would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that this action is dismissed without leave to amend for failure to state a claim and the Clerk is directed to close the case.

Dated: October 31, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE